Filed 7/21/26  P. v. Milo CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>SEMANU MILO,<br>        Defendant and Appellant. | C102662<br><br>(Super. Ct. No. 99F02202) |

Defendant Semanu Milo appealed the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216.  After exercising our discretion to independently review the record, we directed the parties to file supplemental briefs addressing two issues:  (1) whether the trial court erred by construing the jury's verdicts on two firearm enhancements as reflecting a finding that Milo killed the victim by personally discharging a firearm; and (2) if the trial court so erred, whether this court should remand the matter to give Milo the opportunity to amend his petition.  In their supplemental brief, the People concede the trial court's error, maintain that the record of conviction still establishes Milo's ineligibility for relief, but agree that he should be given the chance to file an amended petition.  We conclude the trial court erroneously relied on

---

[1]  Undesignated statutory references are to the Penal Code.

1

the jury's true findings on the firearm enhancements to deny relief, and we agree that Milo is entitled to an opportunity to file an amended resentencing petition. We therefore vacate the trial court's order and remand for further proceedings.

BACKGROUND

I.

The facts of this case are set forth in the probation report in the record and in our prior opinion in Milo's direct appeal, both of which we cite for context only. According to the probation report, in October 1998, two employees arrived at a local bakery to start their 6:00 p.m. shift and noticed a car in the parking lot belonging to the victim, who was a clerk at the bakery's store, even though the store had closed an hour earlier. The two called out to her, but they received no answer and began their work in the warehouse. During an early morning break, one of the employees discovered the victim's body on the bathroom floor. She had been shot five times with a nine-millimeter pistol. The register was missing $430. Investigators identified Milo, who worked for the bakery, as a possible suspect and tied him to the crime through hammer marks on shell casings found near the body that matched Milo's Glock nine-millimeter pistol. Milo repeatedly told authorities he was home with his family at the time of the murder. (*People v. Milo* (June 12, 2001, C035496) [nonpub. opn.].)

In September 1999, the People charged Milo with murder (§ 187, subd. (a); count one) and robbery (§ 211; count two). The prosecution alleged as to both charges, "pursuant to subdivisions (b), (c), and (d) of Penal Code [s]ection 12022.53, that in the commission and attempted commission of the … offense, the defendant … used, and intentionally and personally discharged a firearm, to wit, a 9 mm semi-automatic pistol, and thereby proximately caused great bodily injury to [the victim] … within the meaning of Penal Code [s]ection 12022.53(d)." The People further alleged the special circumstance that Milo committed the murder during the commission of a robbery (§ 190.2, subd. (a)(17)).

2

At trial, Milo presented alibi evidence that he was at a church function with family and friends on the afternoon and evening of the crime. (*People v. Milo*, *supra*, C035496.)

The jury was instructed with two theories of first degree murder: (1) that the murder was willful, deliberate, and premeditated and (2) robbery felony murder. The jury was instructed on the firearm enhancements as follows: "It is alleged … that the defendant … personally used a firearm during the commission of the crime[s] charged. … [¶] The term 'personally used a firearm,' as used in this instruction, means that the defendant must have intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it." (First brackets in original.)

The jury convicted Milo of first degree murder and robbery. It found true that Milo "personally use[d] a 9 mm handgun, a felony within the meaning of Penal Code [s]ection 12022.53" as to both the murder and robbery. The jury also found true the special circumstance that Milo committed murder while engaged in the commission of attempted robbery. The verdict forms did not require the jury to identify the theory of murder on which its decision rested.

The trial court sentenced Milo to life without the possibility of parole for the murder conviction plus 25 years to life for a firearm enhancement under section 12022.53, subdivision (d). The sentences for the robbery and an associated firearm enhancement under section 12022.53, subdivision (d) were stayed pursuant to section 654. We affirmed the judgment on appeal. (*People v. Milo*, *supra*, C035496.)

## II.

In August 2023, Milo filed a form petition for resentencing under section 1172.6, checking boxes alleging that: (1) a criminal complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or another theory under which malice was imputed to him based on his participation in a crime; (2) he was convicted of murder following a jury trial; and (3) he could not now be convicted of murder due to

3

legislative changes made to sections 188 and 189, effective January 1, 2019. The trial court appointed the public defender, and the People filed an opposition brief arguing that Milo was ineligible for relief. Among other arguments, the People maintained that the jury's verdicts on the firearm enhancements established that Milo was found guilty as the actual killer and sole perpetrator of the offense. The People also argued that there was no evidence of any additional participant in the robbery and murder of the victim, making it clear that the jury had convicted Milo as the actual killer.

In September 2024, the trial court issued a tentative ruling denying Milo's petition. The court reasoned that because Milo was the only person charged for the offense and "[t]he verdict form specifically identified that [he] personally used a firearm, killing the victim," the record of conviction established that he was the actual killer and thus ineligible for relief as a matter of law. At a subsequent hearing, the parties submitted the issue without further argument, and the court took the matter under submission. The court later adopted its tentative ruling as its final order denying the petition.

III.

Milo timely appealed, and his appointed counsel filed a brief under *People v. Delgadillo*, *supra*, 14 Cal.5th 216, identifying no arguable issue on appeal and urging this court to undertake a review of the record. Milo himself filed a supplemental brief raising numerous contentions.

We exercised our discretion to independently review the record (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232) and issued an order directing the parties to file supplemental briefs as follows:

"(1) At trial, defendant's jury was instructed that firearm use 'means that the defendant must have intentionally displayed a firearm in a menacing manner, intentionally fired it or intentionally struck or hit a human being with it.' The jury's verdict found that defendant 'did personally use a 9 mm handgun … within the meaning of Penal Code section 12022.53,' without specifying any subdivision of the statute.

4

Given these instructions and verdict form—which do not appear to require a finding that defendant personally killed the victim—did the trial court err in denying defendant's petition for resentencing on the ground that "[t]he verdict form specifically identified that [defendant] personally used a firearm, *killing the victim*"?  (Italics added.)

"(2)  If the trial court so erred, was that error harmless in light of the People's argument below that the record of conviction showed that defendant was the sole perpetrator of the offense and the actual killer of the victim?  Or should this court remand this matter to the superior court with directions to allow defendant to file an amended petition, consistent with the guidance provided in *People v. Patton* (2025) 17 Cal.5th 549, which was issued after the trial court denied defendant's resentencing petition in this case?  [Citations.]"

DISCUSSION

I.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) and "altered the substantive law of murder in two areas.  First, with certain exceptions, it narrowed the application of the felony-murder rule by adding section 189, subdivision (e) to the Penal Code.  [Citation.]  Under that provision, 'A participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.' "
(*People v. Curiel* (2023) 15 Cal.5th 433, 448; see also *People v. Morris* (2026) 19 Cal.5th 671, 682 [discussing "narrowed scope of the felony-murder rule"].)  "Second, Senate Bill 1437 imposed a new requirement that, except in cases of felony murder, 'a principal

5

in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).) 'Malice shall not be imputed to a person based solely on his or her participation in a crime.' [Citation.]" (*Curiel*, at p. 449.)

Senate Bill 1437 also created a mechanism for defendants convicted under now-invalid theories of murder to seek resentencing. (*People v. Patton*, *supra*, 17 Cal.5th at pp. 556, 558.) Upon receipt of a petition containing the required information, the trial court must appoint counsel for the defendant if requested, hold a hearing, and determine if the petition has made a prima facie case for relief. (§ 1172.6, subds. (b)(3), (c).) If a petitioner demonstrates a prima facie entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioning defendant is guilty of murder under a still-valid theory. (§ 1172.6, subds. (c), (d).) In deciding whether a petitioner has demonstrated a prima facie case, " ' " 'the court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if [his or her] factual allegations were proved.' " ' " (*Patton*, at p. 563.) At this stage, a " ' "court should not reject the petitioner's factual allegations on credibility grounds … ." [Citation.] "However, if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' " (*Ibid.*) "Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Id.* at pp. 565-566.) "At this preliminary stage, denial of a section 1172.6 petition is proper only '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief.' " (*People v. Lopez* (2026) 19 Cal.5th 639, 658.) Whether the record of conviction shows the petitioner is ineligible for section 1172.6 relief as a matter of law is a legal question that we review de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

## II.

As to the first issue in our supplemental briefing order, the People concede that the trial court erred in relying on the true findings on the firearm enhancements as a basis to deny relief at the prima facie stage. We accept this concession because, contrary to the trial court's reasoning, the verdicts on the firearm enhancements do not establish that the jury found Milo guilty as the actual killer. As noted above, the trial court instructed the jury that it could find the enhancements true if Milo "intentionally displayed a firearm in a menacing manner, intentionally fired it or intentionally struck or hit a human being with it." Nothing in this instruction thus required the jury to find that Milo himself shot and killed the victim.[2]

The People contend that the trial court's error was harmless in light of a record of conviction that shows Milo was prosecuted and found guilty as the actual killer. (§ 189, subd. (e)(1).) They nevertheless concede, in response to the second question in our supplemental briefing order, that Milo is entitled to an opportunity to amend his petition. We agree that remand is appropriate.

In *People v. Patton*, *supra*, 17 Cal.5th 549, which was decided after the trial court's order in this case, our state high court held that a "petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a

---

[2] As noted above, the verdicts also did not state that the jury found true an enhancement under section 12022.53, *subdivision (d)*—they stated only that Milo "did personally use a 9 mm handgun … within the meaning of Penal Code [s]ection 12022.53," without specifying a particular subdivision. Neither party, however, has addressed the issue of whether the trial court's 25 years to life sentences for enhancements under section 12022.53, subdivision (d) are unauthorized; nor has either party asked us to correct the sentence in the present posture of an appeal from the denial of a section 1172.6 petition. The legality of Milo's sentence for the firearm enhancements is a question that may be addressed in a petition for a writ of habeas corpus. (See, e.g., *In re Harris* (1993) 5 Cal.4th 813, 839, overruled in part on other grounds as stated in *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 855.)

record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Id.* at p. 557.)  In that case, defendant Patton "submitted a preprinted form declaration with checked boxes indicating his belief that he met the statutory requirements for relief.  In response, the People offered the preliminary hearing transcript," which, the trial court concluded, "disqualified Patton from resentencing because it reflected he was the sole and direct perpetrator of the shooting such that his conviction was not based on [a now-invalid theory]." (*Id.* at p. 563.)  Our state Supreme Court held that, in circumstances like those, "a court, in determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory, [may] rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations." (*Id.* at p. 564.)  The *Patton* court remanded the matter to allow the defendant to plead additional facts in support of a prima facie case for relief.  (*Id.* at pp. 569-570.)

In this case, the People opposed Milo's check-box petition on the ground that the record, including the jury instructions, charging document, and the evidence adduced at trial, demonstrated that Milo was convicted as the sole perpetrator and actual killer. Where a petitioning defendant "confront[s] a record of conviction that demonstrates relief is unavailable," he or she bears "the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*People v. Patton*, *supra*, 17 Cal.5th at p. 567.)  Given the trial court's error here and the fact that *Patton* was decided after the court's order denying relief, we conclude it is appropriate to remand, as the court did in *Patton*, to allow Milo to file an amended petition for resentencing.  On remand, the trial court can consider that new petition and any arguments by the parties as to whether Milo has shown a prima facie entitlement to relief.

Finally, we note that we have reviewed Milo's own supplemental brief, which he filed in response to his counsel's initial no-issue brief and before we issued our

supplemental briefing order.  (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232 [directing courts of appeal to evaluate arguments in defendant's supplemental brief filed in response to counsel's no-issue brief].)  Among other arguments, Milo asserts that the trial court was required to consider the jury instructions and findings, that the court engaged in impermissible fact-finding, and that it acted outside of its discretion in denying his petition.  He also alludes to facts he claims would support his petition.  For the reasons explained above, we agree that the trial court erred in relying on the jury's true findings on the firearm enhancements and remand to allow Milo to plead facts he believes will demonstrate a prima facie case for relief.

DISPOSITION

The trial court's order denying Milo's petition for resentencing is vacated, and the matter is remanded for further proceedings consistent with this opinion.

/s/                                    

FEINBERG, J.

We concur:

/s/                                  

RENNER, Acting P. J.

/s/                                  

BOULWARE EURIE, J.